LAROM v. FABRE et al.

(Supreme Court, Appellate Division, Second Department. March 24, 1916.)

1. TRUSTS &#9758;366(1)—ACTIONS TO ENFORCE—NECESSARY PARTIES.

F.'s personal representatives were not necessary parties to an action against an alleged trustee to enforce an alleged trust created by F. against a trust fund from which F. had divorced himself in title and possession before his death.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 574–578; Dec. Dig. &#9758;366(1).]

2. PARTIES &#9758;53—BRINGING IN NEW PARTIES.

If other beneficiaries of such trust were necessary parties, they might be brought in or the court might decline to proceed with the matter.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 84; Dec. Dig. &#9758;53.]

Appeal from Special Term, Kings County.

Action by Frank W. Larom against Lucille S. Fabre and others. From an order sustaining a demurrer, plaintiff and the named defendant bring cross-appeals. Reversed in part, and affirmed in part.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Henry B. Johnson, of New York City, for plaintiff.

William S. Haskell, of New York City, for defendant Lucille S. Fabre.

PER CURIAM. [1, 2] The action is not in any sense to rescind a contract, but to enable the plaintiff to avail himself of an agreement to rescind the agreement made between him and Clarence L. Fabre, and to enforce against Lucille S. Fabre a trust created by Clarence L. Fabre to fulfill such agreement. The allegations of fraud show whereby Clarence L. Fabre was induced to make the agreement to rescind. The personal representatives are not necessary parties. Mrs. Fabre is or is not, as the facts may appear, a trustee for the purpose stated, namely, to pay over the money upon receiving back the stock. No claims are made against the representatives of the decedent's estate, but against a trust fund from which he had divorced himself in title and possession before his death. The other beneficiaries may or may not be necessary parties. If, in the judgment of the court, the necessity of their presence should be shown, they may be brought in, or the court may decline to proceed with the matter.

The order, so far as it sustains the demurrer, should be reversed, and the demurrer overruled, with costs; otherwise, the order should be affirmed, with $10 costs and disbursements to the plaintiff.